1 | MICHAEL J. SACKSTEDER (CSB No. 191605)
msacksteder@fenwick.com
2 | MARC S. ELZWEIG (CSB No. 269965)
melzweig@fenwick.com
3 | FENWICK & WEST LLP
555 California Street, 12th Floor
4 | San Francisco, CA 4104
Telephone: (415) 875-2300
5 | Facsimile: (415) 281-1350

6 | Attorneys for Plaintiffs
CAESARS INTERACTIVE ENTERTAINMENT,
7 | INC. and PLAYTIKA LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| CAESARS INTERACTIVE ENTERTAINMENT, INC. and PLAYTIKA LTD., | Case No.: |
|---|---|
| Plaintiffs, | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| v. | **DEMAND FOR JURY TRIAL** |
| 1ST TECHNOLOGY, LLC, | |
| Defendant. | |

Plaintiffs Caesars Interactive Entertainment, Inc. ("Caesars Interactive") and Playtika Ltd. ("Playtika") (collectively "Plaintiffs") for their Complaint for Declaratory Judgment against Defendant 1st Technology LLC ("1st Technology") aver the following:

## NATURE OF THE ACTION

1. 1st Technology is the purported assignee of the following U.S. Patent No. 5,325,423 ("the '423 patent"), entitled "Interactive Multimedia Communication System"; U.S. Patent No. 5,564,001 ("the '001 patent"), entitled "Method and System for Interactively Transmitting Multimedia Information Over a Network Which Requires a Reduced Bandwidth"; U.S. Patent No. 5,745,379 ("the '379 patent"), entitled "Method for the Production and Transmission of Enhanced Multimedia Information"; and U.S. Patent No. 5,845,088 ("the '088

COMPLAINT FOR DECLARATORY JUDGMENT          1

1. patent"), entitled "Method for the Production and Transmission of Enhanced Interactive Multimedia Information" (collectively "the 1st Technology Patents").

2. 1st Technology has communicated to Plaintiffs its intention to assert its rights under the 1st Technology Patents based on Plaintiffs' ongoing and/or planned activities. Plaintiffs do not infringe and have not infringed the 1st Technology Patents, and therefore have rights to engage in the complained-of activities. Plaintiffs seek a declaration of their legal rights. Plaintiffs Caesars Interactive and Playtika bring this action to obtain declaratory judgments of non-infringement of each of the 1st Technology Patents.

## PARTIES

3. Plaintiff Caesars Interactive Entertainment, Inc. is a corporation organized and existing under the laws of Delaware, with its principal place of business at One Caesars Palace Drive, Las Vegas, Nevada 89109.

4. Plaintiff Playtika Ltd. is a limited company organized and existing under the laws of Israel, with its principal place of business at 23 Menachem Begin Street, 15th Floor, Tel Aviv, Israel 66183.

5. On information and belief, 1st Technology is a limited liability company organized and existing under the laws of Nevada, with its principal place of business at 10080 Alta Drive, Suite 200, Las Vegas, Nevada 89145. 1st Technology may be served at its agent for service of process, Doug Morgan, at 99 Almaden Boulevard Suite 1000, San Jose, California 95113.

## GENERAL ALLEGATIONS

6. Plaintiffs are informed and believe and on that basis allege that 1st Technology is the assignee of the 1st Technology Patents. On information and belief, the documents attached to this Complaint as Exhibit A (the '423 Patent), Exhibit B (the '001 Patent), Exhibit C (the '379 Patent) and Exhibit D (the '088 Patent) are true and correct copies of the 1st Technology Patents.

7. On or about April 26, 2012, counsel representing 1st Technology sent a letter to Mitch Garber, the CEO of Caesars Interactive, which presented the '001, '379, '088, and '423 patents as patents enforced by 1st Technology. Further, the April 26, 2012 letter alleged that "significant portions of the 1st Technology patent portfolio appear to cover Caesars Interactive's

online gaming Slotmania and Caesars Casino products, services, and systems." The letter sought a license agreement with Caesars Interactive and signaled 1st Technology's willingness to bring litigation if Caesars Interactive and 1st Technology were unable to reach a negotiated settlement.

8. Following the April 26, 2012 letter, Caesar Interactive engaged 1st Technology in discussions to determine whether a settlement was warranted or could be reached. During the course of these discussions, on or about October 1, 2012, 1st Technology sent to Caesars Interactive a "representative claim chart," purporting to show how Caesars Interactive, including its online gaming available from Playtika.com, infringed claim 26 of the '001 patent.

9. On or about November 14, 2012, Jason Thayn, counsel representing 1st Technology sent an email to Larry Granatelli, counsel for Caesar Interactive, stating that 1st Technology had "started its major IP litigation campaign" by filing complaints against several entities. This email also stated that if 1st Technology and Caesar Interactive were unable to conclude a license agreement, 1st Technology would be "forced to pass the matter on to [its] IP litigation attorneys."

10. On or about November 30, 2012, Mr. Thayne sent an email on behalf of 1st Technology to Mr. Granatelli, pursuant to their efforts to negotiate a license agreement. The November 30, 2012 email stated that 1st Technology required a good faith licensing offer from Caesars Interactive by December 7, 2012, or 1st Technology would "cease negotiating with Caesars and [would] also pass this matter on to its litigation law firm, Flachsbart & Greenspoon, to proceed with litigation against Caesars for its Playtika play gaming offerings and future real money offerings."

11. Plaintiffs do not infringe and have not infringed, either directly, contributorily, or by inducement, any valid and enforceable claim of the 1st Technology Patents, either literally or under the doctrine of equivalents.

12. As a result of 1st Technology's actions, Plaintiffs risk a suit for infringement by engaging in the complained-of activity.

## JURISDICTION AND VENUE

13. This action arises under the patent laws of the United States, 35 U.S.C. §§ 101

*et seq.*

14. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

15. This Court has personal jurisdiction over 1st Technology, and venue is proper in this District. 1st Technology is registered as an active, foreign limited liability company with the California Secretary of State, listing a mailing address in Los Gatos, California and a registered agent in San Jose, California, both of which are located within the Northern District of California. Further, on information and belief, Scott W. Lewis, the controlling manager of 1st Technology and listed inventor on each of the 1st Technology Patents, is a resident of Los Gatos. In addition, on information and belief, one or more of the 1st Technology patents was prosecuted on behalf of 1st Technology and/or its predecessors in interest by the Sawyer Law Group of Palo Alto, California.

16. This Court can enter the declaratory relief sought in this Complaint because an actual case and controversy exists between the parties within the scope of this Court's jurisdiction pursuant to 28 U.S.C. § 2201. An actual case and controversy exists because, on or about November 14, 2012, 1st Technology communicated to Plaintiffs its intention to assert its rights under the 1st Technology Patents by pursuing claims of infringement against Plaintiffs based on their ongoing and/or planned activities. Moreover, 1st Technology has a demonstrated proclivity to bring suits based on allegations of infringement of one or more of the 1st Technology Patents. *See 1st Technology, LLC v. Cake Gaming, NV*, Case No. 11-cv-00722 (N.D. Ill. terminated June 1, 2012); *1st Technology, LLC v. Merge Gaming et al.*, Case No. 11-cv-06463 (N.D. Ill. filed Sep. 15, 2011); *1st Technology, LLC v. Hulu, LLC*, Case No. 12-cv-09029 (N.D. Ill. filed Nov. 9, 2012); *1st Technology, LLC v. Rovio*, Case No. 12-cv-09044 (N.D. Ill. filed Nov. 9, 2012); *1st Technology, LLC v. Facebook*, Case No. 12-cv-09104 (N.D. Ill. terminated Nov. 19, 2012); *1st Technology, LLC v. Midasplayer.com Ltd.*, Case No. 12-cv-09107 (N.D. Ill. filed Nov. 13, 2012); *1st Technology, LLC v. Wild Tangent*, Case No. 12-cv-09139 (N.D. Ill. filed Nov. 14, 2012); *1st Technology, LLC, v. Riot Games, Inc.*, Case No. 12-cv-09168 (N.D. Ill. filed Nov. 15, 2012); *1st Technology, LLC v. Pandora Media, Inc.*, Case No. 12-cv-09385 (N.D. Ill.

filed Nov. 26, 2012). Plaintiffs do not infringe and have not infringed the 1st Technology Patents, and therefore they have a right to engage in the complained-of activity. As a result of 1st Technology's actions, Plaintiffs risk a suit for infringement by engaging in the complained-of activity.

## VENUE

17. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

## INTRADISTRICT ASSIGNMENT

18. This is an Intellectual Property Action subject to assignment on a district-wide basis pursuant to Civil Local Rule 3-2(c).

## FIRST CAUSE OF ACTION
### (Declaratory Judgment of Non-Infringement of the '423 Patent)

19. Plaintiffs hereby incorporate by reference paragraphs 1 through 18, inclusive, as though fully set forth herein.

20. Plaintiffs do not make, use, offer for sale, sell, import, or export, and have not ever made, used, offered to sell, sold, imported, or exported, any method, device, or apparatus that infringes, either directly, contributorily, or by inducement, any valid and enforceable claim of the '423 patent, either literally or under the doctrine of equivalents.

21. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Plaintiffs and 1st Technology concerning the non-infringement of the '423 patent.

22. Plaintiffs are entitled to a declaratory judgment that they do not infringe, either directly, contributorily, or by inducement, any valid and enforceable claim of the '423 patent, either literally or under the doctrine of equivalents.

## SECOND CAUSE OF ACTION
### (Declaratory Judgment of Non-Infringement of the '001 Patent)

23. Plaintiffs hereby incorporate by reference paragraphs 1 through 18, inclusive, as though fully set forth herein.

24. Plaintiffs do not make, use, offer for sale, sell, import, or export, and have not ever made, used, offered to sell, sold, imported, or exported, any method, device, or apparatus that

infringes, either directly, contributorily, or by inducement, any valid and enforceable claim of the '001 patent, either literally or under the doctrine of equivalents.

25. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Plaintiffs and 1st Technology concerning the non-infringement of the '001 patent.

26. Plaintiffs are entitled to a declaratory judgment that they do not infringe, either directly, contributorily, or by inducement, any valid and enforceable claim of the '001 patent, either literally or under the doctrine of equivalents.

### THIRD CAUSE OF ACTION
### (Declaratory Judgment of Non-Infringement of the '379 Patent)

27. Plaintiffs hereby incorporate by reference paragraphs 1 through 18, inclusive, as though fully set forth herein.

28. Plaintiffs do not make, use, offer for sale, sell, import, or export, and have not ever made, used, offered to sell, sold, imported, or exported, any method, device, or apparatus that infringes, either directly, contributorily, or by inducement, any valid and enforceable claim of the '379 patent, either literally or under the doctrine of equivalents.

29. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Plaintiffs and 1st Technology concerning the non-infringement of the '379 patent.

30. Plaintiffs are entitled to a declaratory judgment that they do not infringe, either directly, contributorily, or by inducement, any valid and enforceable claim of the '379 patent, either literally or under the doctrine of equivalents.

### FOURTH CAUSE OF ACTION
### (Declaratory Judgment of Non-Infringement of the '088 Patent)

31. Plaintiffs hereby incorporate by reference paragraphs 1 through 18, inclusive, as though fully set forth herein.

32. Plaintiffs do not make, use, offer for sale, sell, import, or export, and have not ever made, used, offered to sell, sold, imported, or exported, any method, device, or apparatus that infringes, either directly, contributorily, or by inducement, any valid and enforceable claim of the '088 patent, either literally or under the doctrine of equivalents.

33. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Plaintiffs and 1st Technology concerning the non-infringement of the '088 patent.

34. Plaintiffs are entitled to a declaratory judgment that they do not infringe, either directly, contributorily, or by inducement, any valid and enforceable claim of the '088 patent, either literally or under the doctrine of equivalents.

## JURY DEMAND

35. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a jury trial on all issues triable of right by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Caesars Interactive Entertainment, Inc. and Playtika Ltd. pray for judgment against Defendant 1st Technology, LLC as follows:

a) For a declaration that Plaintiffs do not infringe, either directly, contributorily, or by inducement, any valid and enforceable claim of U.S. Patent No. 5,325,423, either literally or under the doctrine of equivalents;

b) For a declaration that Plaintiffs do not infringe, either directly, contributorily, or by inducement, any valid and enforceable claim of U.S. Patent No. 5,564,001, either literally or under the doctrine of equivalents;

c) For a declaration that Plaintiffs do not infringe, either directly, contributorily, or by inducement, any valid and enforceable claim of U.S. Patent No.5,745,379, either literally or under the doctrine of equivalents;

d) For a declaration that Plaintiffs do not infringe, either directly, contributorily, or by inducement, any valid and enforceable claim of U.S. Patent No. 5,845,088, either literally or under the doctrine of equivalents;

e) For a declaration that Plaintiffs case against 1st Technology is an exceptional case within the meaning of 35 U.S.C. § 285;

f) For an order awarding costs and attorneys' fees to Plaintiffs; and

g)  For such other relief as this Court deems just and proper.

Dated: December 6, 2012

FENWICK & WEST LLP

By: _____
Michael J. Sacksteder

Attorney for Plaintiffs
CAESARS INTERACTIVE ENTERTAINMENT, INC. and PLAYTIKA LTD.

COMPLAINT FOR DECLARATORY JUDGMENT